**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 17, 2017

LETTER TO COUNSEL

RE:   *Tito Dereck Krouse v. Commissioner, Social Security Administration*;
      Civil No. SAG-16-128

Dear Counsel:

On January 13, 2016, Plaintiff Tito Dereck Krouse petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Krouse's reply. (ECF Nos. 18, 19, 20). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Krouse's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Krouse filed his claims for benefits in June 2011, alleging a disability onset date of August 1, 2009. (Tr. 367-77). His claims were denied initially and on reconsideration. (Tr. 172-80). Hearings were held on November 5, 2013 and May 8, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 42-111). Following the hearings, the ALJ determined that Mr. Krouse was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 27-41). The Appeals Council denied Mr. Krouse's request for review, (Tr. 6-13), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Krouse suffered from the severe impairments of "[o]besity, mild asthma, depression, and anxiety." (Tr. 29). Despite these impairments, the ALJ determined that Mr. Krouse retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that postural activities are all frequent, with no climbing of ropes, ladders, or scaffolds. The claimant must avoid concentrated exposure to temperature extremes, odors, dusts, gases, fumes, and poor ventilation. The claimant could perform simple, unskilled work that is not at a production pace, meaning paid by the piece or on an assembly line. The claimant's work should involve only occasional contact with the general public and coworkers, and such work should be essentially isolated, meaning only occasional supervision.

*Tito Dereck Krouse v. Commissioner, Social Security Administration*
Civil No. SAG-16-128
January 17, 2017

(Tr. 33). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Krouse could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 39-40).

Plaintiff's sole argument on appeal is that the ALJ provided an inadequate analysis of the listings pertaining to asthma. Pl. Mot. 9-14. On that issue, the ALJ found as follows:

> The undersigned has considered the listings contained at section 3.00 *et seq.* (respiratory system disorders). As discussed in detail below, treatment records show that the claimant has required only one hospital emergency room visit for asthma exacerbation despite the claimant's inconsistency in using inhalers. The claimant's mild asthma is generally stable on medications. Further, the claimant admitted at the hearing that he continues to smoke. There is no mention in the record of any findings equivalent in severity to any listed impairment. The claimant's obesity has also been considered.

(Tr. 31) (citation omitted). Plaintiff contends that the ALJ failed to apply specific record evidence to specific listing criteria, in violation of the dictates in *Fox v. Colvin,* 632 F. App'x 750 (4th Cir. 2015). Because I find the ALJ did not identify any particular listing to be applied, I affirm the ALJ's conclusion.

Under existing Fourth Circuit law, an ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). While *Fox*, as an unpublished decision, suggested a new standard for the analysis that must be present in an ALJ's opinion after a listing has been identified, it did not alter existing law with respect to the criteria for identifying a listing in the first instance. In Mr. Krouse's case, while the ALJ referred to a potentially applicable category of listings that she reviewed (those pertaining to respiratory system disorders), she did not identify any specific listings within that general category. (Tr. 31). A mere reference to a general category of listings does not indicate that the ALJ found ample evidence to identify and analyze any or all of those listings. The ALJ did identify several specific listings relating to Mr. Krouse's mental impairments, but properly applied the special technique to evaluate those impairments. (Tr. 31-33). Accordingly, *Fox* provides no basis for remand.

**CONCLUSION**

For the reasons set forth herein, Mr. Krouse's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Tito Dereck Krouse  v. Commissioner, Social Security Administration*
Civil No. SAG-16-128
January 17, 2017

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Sincerely yours,

        /s/

        Stephanie A. Gallagher
        United States Magistrate Judge