UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2017

LETTER TO COUNSEL

   RE: *Tito Dereck Krouse v. Commissioner, Social Security Administration*;
     Civil No. SAG-16-128

Dear Counsel:

  Presently pending is Plaintiff Tito Dereck Krouse's Motion to Reconsider the Court's January 17, 2017 Letter Order, which, *inter alia*, granted Defendant Social Security Administration's ("the Commissioner") Motion for Summary Judgment. [ECF No. 22]. I have also reviewed the Commissioner's opposition. [ECF No. 24]. Mr. Krouse asks the Court to reconsider granting the Commissioner's Motion on the grounds that the ALJ provided an inadequate Listing analysis. [ECF No. 22]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Krouse's motion is DENIED.

  **I.** **BACKGROUND**

  On January 13, 2016, Mr. Krouse petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. Mr. Krouse's sole argument on appeal was that the ALJ provided an inadequate Listing analysis. [ECF No. 18]. Specifically, Mr. Krouse argued that the ALJ failed to apply specific record evidence to the Listing criteria, in violation of the dictates in *Fox v. Colvin,* 632 F. App'x 750 (4th Cir. 2015). *Id.* However, the Court found that the ALJ did not violate *Fox* because the ALJ did not identify any particular listing to be applied. [ECF No. 18]. Accordingly, the Court denied Mr. Krouse's Motion for Summary Judgment, granted the Commissioner's Motion for Summary Judgment, and affirmed the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* Subsequently, on January 19, 2017, Mr. Krouse filed his Motion to Reconsider. [ECF No. 22].

  **II.** **ANALYSIS**

  Mr. Krouse asks the Court to reconsider its January 17, 2017 Letter Order granting the Commissioner's Motion for Summary Judgment. [ECF No. 22]; *see* [ECF No. 18]. In his motion, Mr. Krouse contends that this Court failed to properly evaluate the ALJ's Listing analysis under *Fox*. Specifically, Mr. Krouse contends that the Court erred in holding that the ALJ's "reference to a general category of listings does not indicate that the ALJ found ample evidence to identify and analyze any or all of those listings[.]" [ECF No. 22]. Instead, Mr. Krouse argues that the ALJ's reference to Listing 3.00 required the ALJ to identify "every one of the specific subsidiary listings under the listings contained at section 3.00," and that the ALJ's

*Tito Dereck Krouse  v. Commissioner, Social Security Administration*
Civil No. SAG-16-128
February 9, 2017

failure to do so warrants remand. *Id.* For the reasons discussed below, the ALJ's Listing analysis was proper, and summary judgment in favor of the Commissioner was warranted. Accordingly, Mr. Krouse's Motion to Reconsider will be denied.

Mr. Krouse argues that this Court erred by affirming the ALJ's judgment under *Fox* because the "ALJ did not identify any particular listing to be applied." *Id.*; *see* [ECF No. 18]. Specifically, Mr. Krouse contends that the ALJ was required to identify each subsidiary listing under Listing 3.00 and to apply specific record evidence to each Listing's criteria. [ECF No. 22]. To support his argument, Mr. Krouse cites the Fourth Circuit's holding in *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) and this Court's holding in *Kosisky v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016). However, contrary to Mr. Krouse's assertion, the ALJ conducted a proper Listing analysis, and remand is not warranted. Beginning with *Cook*, Mr. Krouse correctly notes that the Fourth Circuit remanded the case because the ALJ failed to identify the plaintiff's relevant listed impairments or to compare each of the listed criteria to the evidence of the plaintiff's symptoms. *Cook*, 783 F.2d at 1173. However, the *Cook* Court also noted that the ALJ's duty to evaluate a listing was only triggered where there was ample evidence in the record that the listing could be met. *Id.* at 1171; *see Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (holding that "[a]n ALJ is required to discuss listed impairments and compare them individually to Listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments."); *see Russell v. Chater*, No. 94-2371, 60 F.3d 824, 1995 WL 417576, at *3 (4th Cir. July 7, 1995) (unpublished) ("*Cook*, however, does not establish an inflexible rule requiring an exhaustive point-by-point discussion [of listings] in all cases."); *see also Fletcher v. Colvin*, No. 1:15-CV-166, 2016 WL 915196, at *5 (M.D.N.C. Mar. 4, 2016) (citing cases).

Here, Mr. Krouse's reliance on *Cook* is misplaced because the record does not contain ample evidence to suggest that he has met any subsidiary listing under Listing 3.00. Notably, a claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). However, Mr. Krouse cites no medical evidence to suggest that he meets the criteria of any of the subsidiary listings under Listing 3.00. Specifically, there is no evidence of chronic respiratory disorder, cystic fibrosis, bronchiectasis, chronic pulmonary hypertension, lung transplantation, or respiratory failure. *See* 20 C.F.R. 404, Subpart P, Appendix 1, §§ 3.00-3.14. In addition, although the ALJ acknowledged some evidence of asthma, including Mr. Krouse's testimony that he "has wheezing after walking less than one block" and has "used inhalers in the past," (Tr. 34), the record also reflects that Mr. Krouse "no longer takes medications for asthma," (Tr. 34, 36), that Mr. Krouse experienced "only one emergency room visit for asthma," (Tr. 36), that "lung examinations have been within normal limits," *id.*, and that "[c]hest X-rays showed no evidence of acute cardiopulmonary disease," *id.* Moreover, Mr. Krouse fails to suggest which specific subsidiary listings under Listing 3.00 should have been discussed, or to assert that he met their criteria. Accordingly, the record does not contain ample evidence to require the ALJ to identify and evaluate any of the subsidiary listings under Listing 3.00. Therefore, the ALJ's Step Three analysis was proper, and remand on this basis is not warranted.

*Tito Dereck Krouse v. Commissioner, Social Security Administration*
Civil No. SAG-16-128
February 9, 2017

Regardless, Mr. Krouse relies on *Kosisky* to argue that the "identification of a specific listing indicates that there is ample evidence that the claimant might meet the listing." *Kosisky v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016). However, this Court has repeatedly held that the mention of a category of listings does not, by itself, trigger an ALJ's duty to evaluate each listing in the category. *See, e.g., Torres v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3294, 2016 WL 5108022, at *2 (D. Md. Sept. 20, 2016); *Rawls v. Comm'r, Soc. Sec.*, No. JFM-15-1609, 2016 WL 3087450, at *2 (D. Md. June 2, 2016); *Sterrette v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1850, 2016 WL 953225, at *2 (D. Md. Mar. 11, 2016); *Manigo v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-15-1065, 2016 WL 778363, at *4 (D. Md. Feb. 26, 2016); *Ramos-Rodriguez v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-12-3766, 2013 WL 5883808, at *4 (D. Md. Oct. 30, 2013); *Cash v. Comm'r, Soc. Sec. Admin.*, No. CIV. SAG-13-0573, 2013 WL 5525874, at *2 (D. Md. Oct. 2, 2013). Indeed, a contrary conclusion would undercut the Fourth Circuit's holding in *Cook* that "ALJs discuss a specific listing only when the claimant marshals 'ample evidence' that an impairment actually meets the criteria for that listing." *Fletcher*, 2016 WL 915196, at *10 (discussing *Cook*). For example, in this case, assuming Mr. Krouse were correct, the ALJ's reference to Listing 3.00 would mandate a detailed analysis of eight Listing subsections, including chronic respiratory disorder, cystic fibrosis, bronchiectasis, chronic pulmonary hypertension, lung transplantation, and respiratory failure, despite the absence of any such diagnoses in Mr. Krouse's medical record. *See Mills v. Colvin*, No. 5:13-CV432-FL, 2014 WL 4055818, at *4 (E.D.N.C. Aug. 14, 2014) (rejecting contention "that the ALJ erred by not discussing applicability of listings at step three" because she "d[id] not cite to any evidence" that would satisfy the "requirements" of the listings). Moreover, the Fourth Circuit's recent decision in *Patterson v. Comm'r of Soc. Sec. Admin.*, No. 15-2487, 2017 WL 218855 (4th Cir. Jan. 19, 2017) further undermines Mr. Krouse's argument. There, the Court remanded because the ALJ failed to follow the special technique required when evaluating a claimant's mental impairments. *Id.* Notably, the Court found that "the ALJ's lack of explanation require[d] remand," and that the ALJs failure to "[s]how [his] work…rendered his decision unreviewable." *Id.* at *6. Applied here, *Patterson* counsels against finding that any mention of a category of listings triggers an ALJ's duty to evaluate each listing within that category because such a rule would disincentivize ALJs to "show [their] work" by indicating which categories they reviewed. The Fourth Circuit has been clear that ALJs should provide more explanation of their analysis, not less. Accordingly, the ALJ's Step Three Listing analysis was proper, and summary judgment in the Commissioner's favor was appropriate. Therefore, Mr. Krouse's Motion to Reconsider is denied.

### III.   CONCLUSION

For the reasons set forth herein, Mr. Krouse's Motion to Reconsider, (ECF No. 22), is DENIED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

*Tito Dereck Krouse  v. Commissioner, Social Security Administration*
Civil No. SAG-16-128
February 9, 2017

                              Sincerely yours,

                                     /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge